Yolanda Orozco (State Bar No. 90779)
yorozco@jonesday.com
Harriet Beegun Leva (State Bar No. 93501)
hleva@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant
PARKER HANNIFIN CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DOUGLAS FARROW; STATE OF CALIFORNIA, ex rel. DOUGLAS FARROW; STATE OF FLORIDA ex rel. DOUGLAS FARROW<br><br>Plaintiff,<br><br>v.<br><br>TRELLEBORG, AG, et al.,<br><br>Defendant. | **Case No. 5:05-cv-00381-GW-FFM**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARKER HANNIFIN CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS FIFTH AMENDED CONSOLIDATED COMPLAINT**<br><br>**Date: September 16, 2010**<br>**Time: 8:30 a.m.**<br>**Ctrm: Hon. George H. Wu** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Relator's Fifth Amended Consolidated Complaint (the "Complaint") is bereft of any factual allegations that would plausibly support a False Claims Act violation against defendant Parker Hannifin Corporation ("Parker Hannifin"). After 52 pages and 272 paragraphs of allegations, the only specific allegations that Relator makes about Parker Hannifin are the statements in Paragraph 44 about its corporate existence and parent relationship to unserved defendant Parker ITR S.r.l.

The Supreme Court has made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and again in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) that the vague and conclusory allegations that populate the Complaint with respect to Parker Hannifin are insufficient to state a claim. Recognizing the substantial burden imposed on defendants who face invasive and expensive discovery from unfounded claims, the Court held that a plaintiff must plead facts, not mere legal conclusions, to survive a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[W]e hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made."); *Iqbal*, 129 S. Ct. at 1949 (complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

The Complaint broadly asserts that a number of defendants, including Parker Hannifin, participated in a bid rigging and price-fixing scheme related to the sale of marine hoses to the United States. There is nothing, however, that identifies Parker Hannifin's relationship to the other alleged conspirators, other than a corporate ownership relationship to another defendant. That is not enough under the pleadings standards articulated by the Supreme Court. As such, Relator has failed to state a claim upon which relief can be granted, and the Complaint against Parker Hannifin should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  APPLICABLE LEGAL STANDARDS

In evaluating this Rule 12(b)(6) motion, the Court must determine whether the *factual* allegations in the Complaint, if accepted as true, are sufficient to support each element of the legal claims made in the Complaint. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  The Court may consider only the allegations made in the Complaint, documents attached to the Complaint, documents incorporated into the Complaint by reference, and any facts of which judicial notice may be taken. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged.").

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court articulated "the proper standard for pleading an antitrust conspiracy," 127 S. Ct. at 1963 (2007) and later applied those requirements to non-antitrust cases in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 at 1953 (2009).  In *Twombly*, the Court found that a complaint "does not require detailed factual allegations" but does require more than "labels and conclusions." *Id*. at 1964-65.  Further, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  The *Iqbal* court further explained that a complaint requires " more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.  When "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'shown' – that the pleader is entitled to relief." *Id.* at 1950.

Conclusory allegations do not suffice; instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 127 S. Ct. 1955, 1965 (2007).  The *Iqbal* court noted that "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* *See also DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999) ("the discovery process is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations . . . to protect society from the costs of highly unpromising litigation"); *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220-21 (4th Cir. 1994) ("allegations must be stated in terms that are neither vague nor conclusory. . . . [T]he pleader must provide, whenever possible, some details of the time, place and alleged effect of the conspiracy; it is not enough merely to state that a conspiracy has taken place") (internal quotation marks omitted). In sum, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss and "will not be credited." 5B Charles A. Wright, *et al.*, *Federal Practice & Procedure* § 1350, at 181-85 (3d ed. 2004 & Supp. 2007).

The *Twombly* Court recognized the costs and burdens that an inadequately pled case can unleash, and it considered the possibility that such burden and expense may "push cost-conscious defendants to settle even anemic cases." *Id.* at 1967. It also considered the burden on courts in managing the discovery process and explained "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management.'" *Id.* These concerns reinforced the Supreme Court's conclusion, which was consistent with precedent requiring that "'district court[s] . . . retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Id.* (quoting *Assoc. Gen. Contractors*, 459 U.S. at 528 n.17).

In the period since the *Twombly* and *Iqbal* decisions, lower courts have consistently agreed that *Twombly* and *Iqbal* require factual allegations sufficient to support each element of a claim made against a defendant, dismissing claims that have failed to do so. *See, e.g.*, *Wiebe v. NDEX West, LLC*, No. 10-cv-325, 2010 U.S. Dist. LEXIS 49555, *7 (C.D. Cal. May 17, 2010) (granting motion to dismiss

because "the Court cannot accept 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements'") (quoting *Iqbal*, 129 S. Ct. at 1940); *Lewis v. Ollison*, 571 F. Supp. 2d 1162, 1169 (C.D. Cal. 2008) (granting motion to dismiss where complaint "speaks in general terms and alleges no specific acts or omissions by [the] Defendants"); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047-48 (9th Cir. 2008) (relying on *Twombly* to support dismissal of a Sherman Act claim where the plaintiffs "pleaded only ultimate facts, such as conspiracy, and legal conclusions . . . [but] failed to plead the necessary evidentiary facts to support those conclusions"); *Rojas v. Brinderson Constructors Inc.*, 567 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (granting motion to dismiss where plaintiffs' "scattered allegations and incongruous arguments firmly ground this claim in conjecture" and fell short of the *Twombly* standard); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 51 (2nd Cir. 2007) (affirming dismissal of complaint because plaintiffs' claims were vague and general and did not provide "plausible grounds to infer an agreement" as required under *Twombly*).

## III. ARGUMENT

The Complaint asserts claims related to the sale of certain marine products by various individual and corporate defendants. *See* Complaint ¶¶ 52-236. Parker Hannifin is only mentioned with regard to one product – marine hose. *See id.* ¶¶ 205-236. The Complaint alleges that Parker Hannifin and other defendants engaged in a big-rigging/price-fixing/market allocation scheme in connection with the sale of marine hoses and equipment to the United States from at least 1999 through May 2007. *See id.* ¶ 205.

For purposes of a motion to dismiss, the Court must consider the allegations made against Parker Hannifin, not merely claims made against undifferentiated defendants or others allegedly involved in the scheme. *See, e.g., Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (agreeing with district court's majority that complaint must be dismissed where plaintiff "fail[ed] to specify any culpable action

LAI-3103086v1

- 4 -

Case No. 5:05-cv-00381-GW-FFM
MEMO OF P&AS ISO PARKER HANNIFIN'S NTC OF MTN & MTN TO DISMISS 5th AMD. CONSOL. CPLT

taken by any single defendant" and where plaintiff failed to link claims to any particular defendant); *Alaska Airlines, Inc. v. Carey*, No. 07-cv-5711, 2008 U.S. Dist. LEXIS 88486, *18-19 (W.D. Wash. July 11, 2008) ("Conclusory allegations without any specification of any particular activities by any particular defendant do not supply facts adequate to show illegality. A complaint alleging an antitrust conspiracy must plead that each individual defendant joined the conspiracy and played some role in it.") (internal citations omitted); *Hinds County, Miss. v. Wachovia Bank*, 620 F. Supp. 2d 499, 513 (S.D.N.Y. 2009) (To state a claim against each defendant, plaintiffs must "make allegations that plausibly suggest that each Defendant participated in the alleged conspiracy. . . . A complaint that enumerates 'basically every type of conspiratorial activity that one could imagine' and that lists 'in entirely general terms without any specification of any particular activities by any particular defendant' is 'nothing more than a list of theoretical possibilities, which one could postulate without knowing any facts whatever.'") (internal citations omitted); *Benkowski v. Wasilewski*, No. 3:07-cv-0197, 2007 WL 2670265, at *10, *12 (M.D.Pa. Sept. 7, 2007) (dismissing claims against defendants for whom insufficient factual allegations were made while upholding claims against defendants for whom there were sufficient factual allegations).

Here, the Complaint does not make a single allegation specific to Parker Hannifin. Instead, the Complaint either singles out actions by *other* defendants, or includes Parker Hannifin in a group of defendants against which vague and generic claims are made. Because the Complaint does not (and cannot) raise a single allegation specific to Parker Hannifin, this motion to dismiss should be granted.

**A. Relator Makes No Specific Allegations Against Parker Hannifin.**

Relator does not direct a single factual allegation toward Parker Hannifin in the Complaint other than its corporate existence. Relator tries to gloss over the absence of any facts about Parker Hannifin by improperly – and incorrectly – grouping together Parker Hannifin and Parker ITR as "Parker" for purposes of the

Complaint. But the few specific allegations made in the Complaint relate *only* to Parker ITR, and are in no way connected to Parker Hannifin.[1] *First*, the hoses listed in ¶ 206 as "Parker's floating, submarine, single and double carcass hoses" are Parker ITR products, not Parker Hannifin products. Parker Hannifin does not manufacture or sell marine hose products of any kind. *Second,* the individual that Relator claims represented "Parker" in the conspiracy – Giovanni Scodeggio – is an employee of Parker ITR, not Parker Hannifin.[2] *See* Complaint ¶ 210. *Third*, the fact that Giovanni Scodeggio, a Parker ITR employee, pled guilty in the District Court in Houston to a one-count felony charge, is unrelated to any claims against Parker Hannifin. *See* Complaint ¶ 221. *Finally*, the DOJ investigation alluded to in ¶ 221 of the Complaint resulted in a criminal plea by Parker ITR, *not* Parker Hannifin. In short, the Complaint fails to make even a single specific factual allegation against Parker Hannifin and should be dismissed.

Any contention that Parker Hannifin's mere corporate relationship to Parker ITR provides substance to the claims is unavailing. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal citations and quotations omitted). Indeed, a parent corporation is not liable for its subsidiaries' conduct "simply because the parent owns all the stock of the subsidiaries and shares common officers and directors." *Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co., Ltd.*, 467 F. Supp. 841, 854 (N.D. Cal. 1979). *See also IndyMac Mortgage-*

---

[1] Relator asserts in Paragraph 44 of the Complaint that Parker ITR S.r.l. ("Parker ITR") is a subsidiary of Parker Hannifin. In fact, Parker ITR, an Italian corporation with operations solely based in Italy, is an indirect subsidiary of Parker Hannifin's. Parker Hannifin Holding S.r.l., wholly-owned subsidiary of Parker Hannifin, acquired ITR Rubber S.r.l. on January 1, 2002 and later changed the name of ITR Rubber S.r.l. to Parker ITR S.r.l.

[2] Furthermore, the Complaint alleges only that Scodeggio represented Parker from "at least January 2007 through April 2007," and fails to provide any other details as to any involvement by any individual affiliated with Parker Hannifin or Parker ITR before that time. *See* Complaint at ¶ 210.

*Backed Sec. Litig.*, No. 09 Civ. 4583, ____F. Supp. 2d____, 2010 WL 2473243, at *8 (S.D.N.Y. June 21, 2010) (granting parent corporation's motion to dismiss where plaintiff failed to allege any facts attributable to parent corporation beyond that it was a "successor in interest"); *Ascension Health v. Am. Int'l Group, Inc.*, No. 08 Civ. 7765, 2009 WL 2195916, at *2 (S.D.N.Y. July 23, 2009) (granting parent corporation's motion to dismiss where plaintiff failed to make factual allegations attributable to the parent rather than the subsidiary); *In re Calif. Title Ins. Anti-Trust Litig.*, No. C 08-01341, 2009 WL 1458025, at *7 (N.D. Cal. May 21, 2009) (corporate parents' motion to dismiss granted where plaintiffs failed to allege facts showing corporate parents were part of a price fixing conspiracy with their subsidiaries). Because Plaintiff's complaint is completely devoid of any factual allegations against Parker Hannifin, it must be dismissed.

**B. Relator Makes No General Allegations That Can Be Attributed To Parker Hannifin.**

Putting aside the lack of any specific allegations against Parker Hannifin, the general allegations raised in paragraphs 223-36 cannot be linked to Parker ITR, let alone Parker Hannifin.

*First*, Relator alleges that "the members of the hose scheme" operated as a cartel from 1999 through 2007. *See* Complaint ¶¶ 205, 223. This general statement completely ignores the fact that the entity that became Parker ITR did not exist at all prior to 2001 and was only purchased by a subsidiary, several layers removed, of Parker Hannifin in 2002.

*Second*, the Complaint makes general assertions that "members of the scheme" had conversations with each other and with an industry consultant (*see, e.g.*, Complaint ¶¶ 223, 229) and alleges there were meetings during which "the members of the hose scheme . . . agreed . . . to allocate shares of the marine hose market" and "to a price list for marine hose." Complaint ¶ 223. Relator does not allege who from Parker Hannifin (or Parker ITR) participated in any such

conversations or meetings and provides no factual support linking these general allegations to Parker Hannifin. These conclusory allegations are the type of "entirely general terms without any specification of particular activities" that "one could postulate without knowing any facts whatever" and are insufficient to support a claim. *See, e.g., In re Elevator Antitrust Litigation,* 502 F.3d at 50-51(internal quotation marks omitted). These allegations simply do not rise to the level of identifying facts that are suggestive enough to render the element plausible, and there is nothing linking a single allegation to Parker Hannifin. These general allegations are therefore insufficient to support a claim against Parker Hannifin. *See, Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *In re Elevator Antitrust Litig.*, 502 F.3d at 51.

Without the necessary factual allegations specific to Parker Hannifin, these general and conclusory allegations made against the group of defendants as a whole, which have no link to Parker Hannifin individually, cannot save Relator's claims. The Complaint's general allegations cannot reasonably be connected to Parker Hannifin, and therefore the Complaint against Parker Hannifin should be dismissed.

**C.     Relator Provides No Support For Its Claim That The Schemes For All Products Were Intertwined.**

Relator claims in paragraph 205 that "the hose scheme was part of the broader bid-rigging/market allocation scheme engaged in by certain of the defendants, including Trelleborg," implying that the conspiracy for marine hose products was intertwined with those for other products. This entirely conclusory statement is not supported by any additional facts, and there is nothing in the Complaint to link Parker Hannifin to *any* of the conspiracies, much less to all of them. Such a sweeping statement is a textbook example of grouping undifferentiated defendants together and making an unsupportable claim that cannot be applied to each individual defendant. Again, because the Complaint not only

fails to provide any support for this allegation but also includes no evidence specific to Parker Hannifin, the Court should grant Parker Hannifin's motion to dismiss.

## IV. CONCLUSION

Based upon the arguments presented and authority cited herein, Parker Hannifin respectfully requests that the Court dismiss the Complaint against it.

Dated: July 30, 2010

JONES DAY

By: *_/s/ Harriet Beegun Leva_*
Harriet Beegun Leva

Attorneys for Defendant
PARKER HANNIFIN CORPORATION