Kevin K. Fitzgerald (State Bar No.100682)
kkfitzgerald@jonesbell.com
Trenton J. Hill (State Bar No. 145122)
tjhill@jonesbell.com
Samuel E. Endicott (State Bar No. 267054)
sendicott@jonesbell.com
**JONES, BELL, ABBOTT,**
**FLEMING & FITZGERALD L.L.P.**
601 South Figueroa Street, 27th Floor
Los Angeles, California 90017-5759
Telephone: (213) 485-1555
Facsimile: (213) 689-1004

Attorneys for Relator
Douglas Farrow

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA ex rel. DOUGLAS FARROW; STATE OF CALIFORNIA ex rel. DOUGLAS FARROW; STATE OF FLORIDA ex rel. DOUGLAS FARROW,<br><br>Plaintiffs,<br><br>v.<br><br>TRELLEBORG, AB, et al,,<br><br>Defendants. | Case No. ED-CV-05-381 GHW (FFMx)<br><br>**NOTICE OF MOTION AND MOTION OF KEVIN K. FITZGERALD AND JONES, BELL, ABBOTT, FLEMING & FITZGERALD LLP TO WITHDRAW AS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Kevin J. Fitzgerald]<br><br>**Date:** May 26, 2011<br>**Time:** 8:30 A.M.<br>**Courtroom:** 10<br>**Judge:** Hon. George H. Wu |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 26, 2011 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu in Courtroom 10 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California 90012, Kevin K. Fitzgerald and Jones, Bell, Abbott, Fleming & Fitzgerald LLP will, and hereby do move to withdraw as counsel of record for Plaintiff and Relator Douglas Farrow.

This Motion is made pursuant to Central District of California Civil Local Rule 83-2.9.2.1, and is based upon this Notice, the Memorandum of Points and Authorities and the Declaration of Kevin K. Fitzgerald filed herewith, the Court's files and records in this matter, and any oral argument the Court may entertain.

Dated: April 18, 2011

Kevin K. Fitzgerald
Trenton J. Hill
Samuel E. Endicott
**JONES, BELL, ABBOTT,
FLEMING & FITZGERALD L.L.P.**


By:  /s/ Kevin K. Fitzgerald
      Kevin K. Fitzgerald
Attorneys for Relator Douglas Farrow

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The moving parties, Kevin K. Fitzgerald and Jones, Bell, Abbott, Fleming & Fitzgerald LLP (collectively "Jones Bell") are counsel of record for Relator Douglas Farrow (the "Relator"). There has been a breakdown in the attorney-client relationship that is not capable of repair, <u>and</u> a controversy has arisen regarding the Relator's payment of compensation to Jones Bell, which has resulted in Jones Bell not being fully compensated for services rendered. Jones Bell has taken reasonable steps to avoid any foreseeable prejudice to the Relator's rights.

Moreover, the Relator will not be unduly prejudiced by Jones Bell withdrawing as counsel of record because:

- the next hearing is not scheduled until November 17, 2011; and
- no trial date has been set.

As a result, Jones Bell requests that the Court grants its motion to withdraw as counsel of record for the Relator.

## II. LEGAL ARGUMENT

### A. Standard for a Motion to Withdraw

Central District of California Civil Local Rule ("Local Rule") 83-2.9.2.1, provides "[a]n attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Further, "Rule 3-700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel." *Jariwala v. Napolitano*, No. 10-CV-04383-LHK, 2011 U.S. Dist. LEXIS 22586, at *4 (N.D. Cal. Feb. 21, 2011).

California Rule of Professional Conduct 3-700(A)(2), provides:

> [a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the right of the client, including giving due notice to the client, allowing time for employment

1
2
>of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

3 *See also Ramirez v. Sturdevant*, 21 Cal. App. 4th 904, 915 (1994).

4 Here, Jones Bell has taken reasonable steps to avoid any foreseeable
5 prejudice to the Relator. (Fitzgerald Decl. ¶ 2.) Jones Bell has given the Relator ample
6 notice of its intent to withdraw by providing the Relator with a month of advance
7 notice concerning our intent to withdraw before filing this motion. (Fitzgerald
8 Decl. ¶ 2.) Jones Bell has encouraged the Relator to obtain new counsel and provided
9 the Relator with ample time to employ that counsel before filing this Motion.
10 (Fitzgerald Decl. ¶ 2.) In addition, the next scheduled court appearance in this matter
11 is not scheduled until November 17, 2011. (Fitzgerald Decl. ¶ 2.)

12 Moreover, neither the Relator nor any of the Defendants will be harmed
13 by Jones Bell withdrawing because there are no dispositive motions pending.
14 (Fitzgerald Decl. ¶ 3.) In fact, the Court has not even set a trial date, and is not
15 expected to set one until November 17, 2011 at the earliest. (Fitzgerald Decl. ¶ 3.)
16 Accordingly, Jones Bell has met the requirements of California Rule of Professional
17 Conduct 3-700(A)(2). *See Williams v. Troehler*, 2010 U.S. Dist. LEXIS 69757, at *5
18 (E.D. Cal. June 23, 2010); *see also Ramirez*, 21 Cal. App. 4th at 915 (We are, however,
19 aware of no authority preventing an attorney from withdrawing from a case when
20 withdrawal can be accomplished without undue prejudice to the client's interest.").

21 **B.    The Relator Received Notice of the Motion to Withdraw**

22 Jones Bell provided the Relator with notice of its intent to withdraw by
23 sending the Motion to Withdraw to the Relator's home address via overnight mail on
24 the same day that Jones Bell filed the Motion with the Court. (Fitzgerald Decl. ¶ 4.)
25 Therefore, Jones Bell has provided the Relator with notice of its intent to withdraw.
26 *See* Cal. Code Civ. Proc. § 284.

27
28

## C. The Motion to Withdraw Should Be Granted Because Adequate Grounds for Withdrawal Exist

There has been a breakdown in the attorney-client relationship that is not capable of repair, and a controversy has also arisen regarding the Relator's payment of compensation to Jones Bell, which has resulted in Jones Bell not being fully compensated for services rendered. (Fitzgerald Decl. ¶ 5.) As a result, adequate grounds exist under California Rule of Professional Conduct 3-700(C)(1)(d)-(f) to permit Jones Bell to withdraw as the Realtor's counsel of record. *See also Rus, Miliband & Smith v. Conkle & Olesten*, 113 Cal. App. 4th 656, 667 (2003) ("breakdown in communications" between law firm and client grounds for withdrawal under Rule 3-700(C)(1)(d)).  Therefore, the Court should grant the Motion to Withdraw.

## III. CONCLUSION

For all the foregoing reasons, Kevin K. Fitzgerald and Jones, Bell, Abbott, Fleming & Fitzgerald LLP respectfully request that this Court grant their motion to withdraw as the counsel of record for the Relator.

Dated:  April 18, 2011

Kevin K. Fitzgerald
Trenton J. Hill
Samuel E. Endicott
**JONES, BELL, ABBOTT,
FLEMING & FITZGERALD L.L.P.**

By:   /s/ Kevin K. Fitzgerald
          Kevin K. Fitzgerald
Attorneys for Relator Douglas Farrow